# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL BELL                                                                     PETITIONER

v.                                    NO. 5:09CV00033 SWW/HDY

LARRY NORRIS, Director of the                                              RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that in December of 2005, petitioner Michael Bell ("Bell") was convicted in Union County, Arkansas, Circuit Court of several drug-related criminal offenses and sentenced to an aggregate term of 876 months in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction. Bell thereafter appealed his sentence to the Arkansas Court of Appeals.[1] On appeal, he advanced the following claims: (1) "... the trial court erred in allowing the jury to consider a sentencing enhancement for selling drugs within 1000 feet of a city park," and (2) "the trial court erred in sentencing him to consecutive terms of imprisonment without demonstrating that it exercised discretion in doing so." See Bell v. State, 101 Ark. App. 144, 272 S.W.3d 110, 111 (Ark.Ct.App. 2008). The state Court of Appeals found no reversible error and affirmed his sentence in January of 2008, specifically finding the following: "[Bell] waived the issue of the sentencing enhancement by not properly raising it below and ... the trial court properly exercised its discretion in running [his] sentences consecutively." See Id.

---

[1] The record reflects that the trial court entered a judgment and commitment order in December of 2005. In January of 2006, the trial court entered an amended judgment and commitment order. It appears that Bell's appeal followed the entry of the amended judgment and commitment order. See Bell v. State, 2007 WL 538995 (Ark.S.Ct. 2007). Between the date on which the amended judgment and commitment order was entered on the docket and the deadline for filing a notice of appeal, Bell was effectively abandoned by his attorney. Bell subsequently requested and received permission to prosecute a belated appeal, see Bell v. State, 2007 WL 117420 (Ark.S.Ct. 2007), and a court-appointed attorney was later appointed to represent him on appeal, see Bell v. State, 369 Ark. 342, 254 S.W.3d 725 (Ark.S.Ct. 2007).

In November of 2008, Bell filed a petition for writ of habeas corpus pursuant to Ark. Code Ann. 16-112-101 in Union County, Arkansas, Circuit Court. In that submission, he appears to have advanced the following claims: (A) his trial attorney was ineffective for failing to preserve for appeal the challenges to the sentence enhancement; (B) counsel was ineffective for failing to adequately challenge the credibility of prosecution witnesses Charles Robinson ("Robinson") and Ravonda Massey ("Massey"); (C) the prosecution knowingly allowed Robinson and Massey to testify falsely; and (D) the trial court lacked jurisdiction because counsel failed to comply with the conditions of supervised probation imposed by the Arkansas Supreme Court Committee on Professional Conduct ("Committee").[2]

FEDERAL COURT PROCEEDINGS. In February of 2009, Bell commenced the proceeding at bar by filing a petition for writ of habeas corpus.[3] Norris characterized the claims advanced by Bell in the petition at bar as follows, a characterization the undersigned adopts:

---

[2] With regard to Bell's claim that the trial court lacked jurisdiction because his trial attorney failed to comply with the conditions of supervised probation imposed by the Committee, the record reflects that the Committee had ordered Bell's trial attorney to locate an acceptable attorney who would be willing to "supervise, monitor, and assist" Bell's trial attorney in the practicing of law. See Document 10, Exhibit C at 19. Bell's trial attorney failed to comply with that order.

[3] It is possible to construe Bell's petition as being filed pursuant to A.C.A. 16-112-101, the Arkansas habeas corpus statute. The federal courts clearly have no jurisdiction to entertain such a petition. Liberally construing the petition at bar, though, the undersigned finds that he has filed it pursuant to 28 U.S.C. 2254, a petition the Court has jurisdiction to entertain.

(1) Bell's trial attorney was ineffective for failing to preserve for appeal the challenges to the sentence enhancement;

(2) his trial attorney was ineffective for failing to adequately challenge Robinson's credibility;

(3) the prosecution violated Bell's right to due process when it knowingly allowed Robinson to testify falsely;

(4) Bell's trial attorney was ineffective for failing to adequately challenge Massey's credibility;

(5) the prosecution violated Bell's right to due process when it knowingly allowed Massey to testify falsely; and

(6) Bell's trial attorney was ineffective because counsel failed to comply with the conditions of supervised probation imposed by the Committee.

In April of 2009, Norris filed a response to Bell's petition. In the response, Norris first maintained that Bell's state habeas corpus petition is pending in Union County, Arkansas, Circuit Court, a petition that contained substantially the same claims he advanced in the petition at bar. Norris additionally maintained that Bell's claims in the petition at bar should be dismissed because they are procedurally barred from federal court review. Norris specifically maintained that Bell never obtained a ruling on the claims from the state courts of Arkansas.

The undersigned invited Bell to file a reply to Norris' response. In the invitation, the Court made note of Norris' assertion that Bell's state habeas corpus petition is pending in Union County, Arkansas, Circuit Court. He was invited to explain why the petition at bar should not be dismissed because he has allegedly not exhausted his state remedies and because the claims may be procedurally barred from federal court review.

Bell filed a reply to Norris' response. A brief summary of Bell's reply is difficult. He appeared to re-allege his trial attorney's ineffective and allege that prison officials mishandled his legal mail. Sadly, he did not address the issue concerning the continued pendency of his state habeas corpus petition in Union County, Arkansas, Circuit Court.

The undersigned has now had an opportunity to review the parties' submissions. Given that review, the undersigned makes the following findings and recommendation.

<u>EXHAUSTION</u>. "The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" <u>See</u> <u>Mellott v. Purkett</u>, 63 F.3d 781, 784 (8th Cir. 1995) [quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982)]. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims many be vindicated and unfounded litigation obviated before resort to federal court." <u>See</u> <u>Id</u>. The exhaustion requirement may be waived, though, if special circumstances exist.

Bell raised six claims in his state habeas corpus petition, i.e., three challenges to his trial attorney's representation, two challenges to the prosecution's use of allegedly false testimony, and a challenge to the trial court's jurisdiction because of his trial attorney's failure to comply with the conditions of supervised probation imposed by the Committee. Bell does not dispute the assertion that his state habeas corpus petition is pending in Union County, Arkansas, Circuit Court. Notwithstanding the fact that his state habeas corpus petition is pending, he commenced the proceeding at bar by filing a petition for writ of habeas corpus in which he raised substantially the same claims he raised in his state habeas corpus petition.[4]

Given the foregoing, the undersigned finds that Bell has not exhausted the claims at bar. A state habeas corpus petition containing the claims raised in the petition at bar is pending in Union County, Arkansas, Circuit Court. Although the exhaustion requirement is capable of being waived, he has not shown that special circumstances exist to negate the requirement and the undersigned knows of none.[5]

---

[4] The claims raised in both petitions involve the following: (A) his trial attorney's failure to preserve for appeal the challenges to the sentence enhancement, (B) counsel's failure to challenge the credibility of two prosecution witnesses, (C) the prosecution's alleged use of false testimony, and (D) a challenge to counsel's failure to comply with the conditions of supervised probation imposed by the Committee.

[5] The undersigned recognizes that Rhines v. Weber, 544 U.S. 269 (2005), permits a federal court to stay the disposition of any exhausted claims and hold any unexhausted claims in abeyance pending their final resolution in state court. The petition at bar, though, does not involve a "mixed" petition, that is, it does not contain both exhausted and unexhausted claims. Instead, the claims advanced in this petition are unexhausted because they were raised in Bell's state habeas corpus petition, which is pending in Union County, Arkansas, Circuit Court. Thus, Rhines v. Weber is not applicable in this proceeding.

<u>RECOMMENDATION</u>. The undersigned recommends that Bell's petition be dismissed because the claims contained in it have not been exhausted. All requested relief should be denied, and judgment should be entered for Norris.

DATED this   25   day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE